**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6683**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMES NATHAN PIZER,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:11-cr-00006-RAJ-TEM-1)

_____

Submitted:  April 5, 2024                    Decided:  April 25, 2024

_____

Before WYNN, THACKER, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Edward A. Fiorella, Jr., FRAIM & FIORELLA, Norfolk, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Nathan Pizer appeals from the district court's order denying his motion for compassionate release. Pizer's motion was premised on the argument that, were he sentenced today, he would not be a career offender (as he was at his original sentencing) and would face a lower Sentencing Guidelines range. We affirm.

"This Court reviews the denial of compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion." *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (internal quotation marks omitted).

In considering a compassionate release motion, "district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). At the time the court considered Pizer's motion, there was no applicable Sentencing Commission policy statement governing defendant-filed motions for compassionate release; therefore, the court was "empowered to consider any extraordinary and compelling reason for release" that Pizer might raise. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). After conducting this analysis, the district court may grant the motion "if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Malone*, 57 F.4th at 173.

2

Pizer first argues that the district court erred in finding that he had not shown an extraordinary and compelling reason for release. However, he spends much of this argument asserting that the district court had the authority to consider whether the fact that he would face a lower Guidelines range if sentenced today was an extraordinary and compelling reason for release. However, the district court agreed with this conclusion, finding that Pizer had stated a cognizable claim but nonetheless concluding that this sentencing disparity failed to reach the level of extraordinary and compelling after considering Pizer's individual circumstances. The district court expressly considered Pizer's arguments regarding the sentencing disparity and found them unpersuasive, given Pizer's extensive criminal history, his serious criminal conduct in the instant case, and his age when he committed the underlying crimes. Such is an appropriate analysis, and to the extent Pizer is arguing that the district court was required to find that the sentencing disparity was an extraordinary and compelling reason for release, he is mistaken. *See McCoy*, 981 F.3d at 286. As such, we conclude that the district court did not abuse its discretion in finding that Pizer failed to show an extraordinary and compelling reason for release.

Moreover, even if Pizer had shown an extraordinary and compelling reason for release, the district court did not abuse its discretion in determining that the § 3553(a) factors weighed against Pizer's release. On appeal, Pizer repeats his claims below and avers that his rehabilitation, behavior in prison, and release plan outweigh his serious criminal conduct and extensive criminal history. However, the district court weighed the factors differently after appropriate consideration. Such is not an abuse of discretion. *See*

3

*United States v. Bethea*, 54 F.4th 826, 838 (4th Cir. 2022) (affirming denial of compassionate release where district court weighed defendant's rehabilitative conduct "but decided it was not significant enough to outweigh the other factors").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*